# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**TIMOTHY W. ELKINS, JR.,**

        **Plaintiff,**

**vs.**

        No. 18-1311-DRH

**MADISON COUNTY, ILLINOIS and
the VILLAGE OF NEW DOUGLAS,**

    **Defendants.**

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

On June 22, 2018, Timothy W. Elkins, *pro se,* filed suit against Madison County, Illinois and the Village of New Douglas alleging that defendants tore down his house without affording him due process in violation of the Fifth Amendment of the United States Constitution (Doc. 1). On July 12, 2018, the Court granted Elkins' motion to proceed *in forma pauperis* (Doc. 5). In that Order, the Court noted that allowing his case to proceed was not meant to be an indication that Elkins' claims have merit or should prevail. On August 2, 2018, Elkins filed a motion to for preliminary injunction (Doc. 6). In this motion, Elkins moves the Court to enjoin the Village of New Douglas and Madison County, Illinois from foreclosing on his house as he is now under the impression (after receiving a letter from lawyer for the Village of New Douglas) that his house has not been torn down. He further asserts that his due process rights have been violated in the foreclosure proceedings in state court, *Lewis and Clark Habitat for Humanity v.*

*Elkins*, 2016CH00303.[1] He asks the Court "halt these proceedings until this lawsuit is decided and/or I am released from prison." (Doc. 6, p. 2).

After reviewing the allegations of the motion, the Court finds that it lacks jurisdiction over Elkins' claims based on the doctrine of *Rooker-Feldman*. This doctrine "'precludes lower federal court jurisdiction over claims seeking review of state court judgments … no matter how erroneous or unconstitutional state court judgments may be.'" *Kelley v. Med-I Sols, LLC*, 548 F.3d 600, 603 (7th Cir. 2003)(alteration in original)(quoting *Brokaw v. Weaver*, 305 F.3d 660, 664 (7th Cir. 2002)). "A state litigant seeking a review of a state court judgment must follow the appellate process through the state court system and then directly to the United States Supreme Court," *id.*, because no matter how wrong a state court judgment may be under federal law, only the Supreme Court of the United States has jurisdiction to review it," *Sykes v. Cook Cty Circuit Court Prob Div.*, 837 F.3d 736, 742 (7th Cir. 2016).

Importantly, *Rooker-Feldman* also bars claims "inextricably intertwined with a state court judgment." *Sykes*, 837 F.3d at 742. To determine whether a claim is "inextricably intertwined" with a state court judgment, a court asks "whether the federal claim alleges that the injury was caused by the state court judgment, or alternatively, whether the federal claim alleges an independent prior injury that the state court failed to remedy." *Id.* To that end, "when as in this case

---

[1]As of today's date, the foreclosure suit is still pending in the Madison County, Illinois Circuit Court.
http://www.clericusmagnus.com:8080/profoundui/start?pgm=EDOCS/WDI040CL&p1=%20MA&l1=3

the injury is executed through a court order, there is no conceivable way to redress the wrong without overturning the order of a state court." *Id.* at 743.

Even if a litigant's claims are inextricably intertwined with a state court judgment, *Rooker-Feldman* applies "only if [the litigant] had a reasonable opportunity to raise the issues in state court proceedings." *Jakupovic v. Curran*, 850 F.3d 898, 904 (7th Cir. 2017). "The 'reasonable opportunity' inquiry focuses not on ripeness, but on difficulties caused by 'factor[s] independent of the actions of the opposing part[ies] that precluded' a plaintiff from bringing federal claims in state court, such as state court rules or procedures." *Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 534–35 (7th Cir. 2004)(alterations in original) (quoting *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 558 (7th Cir. 1999)).

*Rooker-Feldman* has been frequently applied to claims stemming from a state's foreclosure judgment. *E.g.*, *Sheikhani v. Wells Fargo Bank*, 526 Fed.Appx. 705, 706 (7th Cir. 2013) (barring a claim under *Rooker-Feldman* where the injury claimed was "the loss of [a] house to foreclosure," which "flow[ed] from the foreclosure judgment itself"); *Wallis v. Fifth Third Bank*, 443 Fed.Appx. 202, 204 (7th Cir. 2011)(holding that a plaintiff's conspiracy contentions stemming from "disagreement with [a state court's] foreclosure judgment" asked the court to "review and reject rulings the state court made against [plaintiff] in the foreclosure suit," and that "the *Rooker-Feldman* doctrine block[ed] a federal district court from entertaining those contentions"). Merely raising due process challenges to the state proceedings or casting a federal complaint as a civil rights action does

not remove a claim from *Rooker-Feldman. Taylor*, 374 F.3d at 534 (collecting cases).

Here, Elkins's claims against defendants arise inextricably from the ongoing state foreclosure suit. Elkins admits this in his motion for preliminary injunction. Further, there is no indication that Elkins lacked a reasonable opportunity to pursue his claims in state court such that *Rooker-Feldman* cannot apply. While he contends that his due process rights are being violated, he does not present any basis from which the Court can conclude that he could not have raised these issues in the *still* pending state court proceedings. Thus, the Court cannot conclude that he lacked a reasonable opportunity to pursue his challenge to the state court foreclosure order in state court. 735 Ill. Comp. Stat. 5/15-1508 (outlining procedures for objecting to a foreclosure judgment and sale). Because the *Rooker-Feldman* doctrine applies, the Court lacks jurisdiction over Elkins's claims.

Accordingly, the Court **DISMISSES** *without prejudice* Elkins's case. *Jakupovic*, 850 F.3d at 904 (explaining that dismissal under the *Rooker-Feldman* doctrine should be without prejudice, barring refiling in federal court but permitting review of the underlying claims by state law). The Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same.

**IT IS SO ORDERED.**

Judge Herndon
2018.08.03 11:13:35
-05'00'

**United States District Judge**